UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No.: 13-274 (RC) |
| : | |
| v. : | |
| : | |
| SHANTIA HASSANSHAHI, : | |
| : | |
| Defendant. : | |

**THE UNITED STATES' RESPONSE TO
THE COURT'S ORDER OF DECEMBER 15, 2014**

The United States provides this supplemental filing in response to the Court's December 15, 2014, order directing the government to "submit a supplemental filing explaining the necessity of keeping the information in the [*ex parte* declaration filed by the government] under seal." The United States attaches to this filing a lightly redacted version of the declaration at issue. The unredacted portions of that declaration explain to defendant and the public the nature of the law enforcement technique that enabled the government to obtain defendant's telephone number. The small amount of redacted material, provided to the Court to give further context regarding the government's submission, contains almost exclusively information about law enforcement techniques that were not the source of defendant's phone number and that relate to ongoing law enforcement activity. The Court should thus exercise its discretion to keep this limited information under seal.

**Procedural Background**

On December 1, 2014, the Court denied defendant's motion to suppress evidence obtained from a search of his electronic equipment as part of a secondary border screening. *See United States v. Hassanshahi*, __ F. Supp. 3d __, 2014 WL 6735479 (D.D.C. Dec. 1, 2014). In doing so, the Court rejected defendant's argument that the evidence was the "fruit" of a

purportedly unlawful database query that had identified the defendant's telephone number and thereby provided impetus to investigate the defendant. *See id.* at \*4-\*11. Because the government had not explained the nature of the database at issue, the Court assumed *arguendo* that the database query was unlawful, but found that "attenuating circumstances existed [such that] the exclusionary rule therefore does not require suppression of the evidence found on Hassanshahi's laptop." *Id.* at \*3.

While the Court held that the attenuation doctrine applied and thus that defendant's motion should be denied, the Court also directed "that the Government provide the Court with an *ex parte* declaration summarizing the contours of the mysterious law enforcement database used by [Homeland Security Investigation], including any limitations on how and when the database may be used." *Id.* at \*8 n.6; *see also* DE 44 (Order). On December 15, the government filed a responsive declaration *ex parte* and under seal. Later that day, the Court issued an order directing the government to explain the necessity for keeping information in the declaration under seal.

In response to the Court's December 15 order, the government has reviewed the declaration at issue and determined that it can be released with limited redactions. A redacted version of the declaration is attached as an exhibit to this filing. As the Court can ascertain by comparing the exhibit with the full declaration filed *ex parte* on December 15, the redacted material consists almost entirely of contextual information about techniques other than the one that led to the discovery of defendant's phone number.

**Argument**

This Court, of course, has discretion "to place documents in the court record under seal." *Morgan v. U.S. Dep't of Justice*, 923 F.2d 195, 197 n.2 (D.C. Cir. 1991);[1] *accord United States v. Ring*, __ F. Supp. 2d __, 2014 WL 2584054, at *2 (D.D.C. June 10, 2014) ("A district court has authority to seal and unseal documents as part of its 'supervisory power over its own records and files.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Here, the United States has released information in the declaration that relates to the specific program through which the government obtained defendant's telephone number as that program existed at the relevant time.

The limited information that the government seeks to keep under seal primarily relates to other programs (including classified programs) and/or to the Drug Enforcement Administration's ("DEA") present law enforcement activity.[2]  This latter information was provided to the Court for context, but it is not relevant to any argument that the acquisition of defendant's telephone number was unlawful. Moreover, as the redacted information relates to the current functioning of DEA's law enforcement techniques and procedures, its disclosure could assist criminals in evading law enforcement investigations. As such, it is well within the sound discretion of the Court to keep this information, which is both law enforcement sensitive and unnecessary to the adjudication of any issue in this case, under seal. *Cf. United States v. Green*, 670 F.2d 1148, 1155-57 (D.C. Cir. 1981) (affirming district court decision to sustain an objection to question

---

[1] The court in *Morgan* cited Federal Rule of Civil Procedure 26(c) for this authority. Similar authority is provided in Federal Rule of Criminal Procedure 49.1(d).

[2] The one exception is the redaction in the second sentence of paragraph four concerning the countries designated under the program at issue. The government has redacted this information to protect against any disruption to prospective law enforcement cooperation that might result from its disclosure.

seeking location of police surveillance where information was not necessary to defense and disclosure could aid lawbreakers in evading police surveillance); *United States v. Harley*, 682 F.2d 1018, 1020-21 (D.C. Cir. 1982) (same).  Additionally, because the information at issue will play no "role in the adjudicatory process," "neither a common law nor First Amendment right of access attaches." *Ring*, 2014 WL 2584054, at *2-*3; *see also id.* at *2 ("A First Amendment right of access does not attach to criminal discovery materials not admitted into evidence, since these documents are not a 'traditionally public source of information.'") (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)); *cf. Morgan*, 923 F.2d at 197 n.2 (observing that where the district court reviews material *in camera* and determines that the defendant has no need for or right to the materials, the court "generally orders the documents sealed for purposes of appellate review").

## Conclusion

Because the United States has submitted the attached version of the December 15 declaration with limited redactions on the public record, and because release of the redacted material could harm law enforcement interests, the United States respectfully requests that the Court order that the unredacted version of the December 15 declaration remain under seal.

    Respectfully submitted,

    RONALD C. MACHEN JR.
    United States Attorney


    _____/s/_____
    Frederick Yette, D.C. Bar 385391
    Assistant United States Attorney
    555 4th Street, N.W.
    Washington, D.C.  20530
    (202) 252-7733
    frederick.yette@usdoj.gov