**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Criminal Action No.:  13-0274 (RC) |
| SHANTIA HASSANSHAHI, : | |
| *also known as Shantia Hassan Shahi*, : | Re Document No.:     69 |
| *also known as Shahi*, : | |
| *also known as Shantia Haas*, : | |
| *also known as Sean Haas*, : | |
| : | |
| and : | |
| : | |
| HASSTON, INC., : | |
| : | |
| Defendants. : | |

## MEMORANDUM OPINION

### DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

Defendant Shantia Hassanshahi is charged with one count of conspiracy to violate the International Economic Emergency Powers Act, 50 U.S.C. § 1705, and the Iranian Transactions and Sanctions Regulations, 31 C.F.R. §§ 560.203–204.  Mr. Hassanshahi has filed a motion to transfer venue of this case for trial from this District to the Central District of California in Los Angeles for the convenience of himself and his witnesses.  *See* Def.'s Mot. Transfer Venue, ECF No. 69.  Upon consideration of the motion and the Government's opposition, the Court will deny the motion for the reasons that follow.

### I.  BACKGROUND

Shantia Hassanshahi is a dual citizen of Iran and the United States.  On January 9, 2013, following an investigation of over a year, the Government filed a Criminal Complaint in this

Court against Mr. Hassanshahi and a warrant was issued for his arrest. *See* Compl., ECF No. 1. On September 16, 2013, Mr. Hassanshahi was arrested at Los Angeles International Airport ("LAX"), and on September 26, 2013, a Grand Jury returned an Indictment in this Court against him and Co-Defendant Hasston, Inc., a company that Mr. Hassanshahi owns. *See* Indictment, ECF No. 7. The Indictment alleges that, beginning in or around March 2009, Mr. Hassanshahi engaged in a conspiracy to export and cause the exportation of goods and technology from Canada to Iran, as well as related services from the United States to Iran, without first having obtained a license from the Office of Foreign Assets Control, located in the District of Columbia, in violation of federal law. *See* Indictment ¶ 1, ECF No. 7.

Mr. Hassanshahi has filed a motion to transfer venue for trial to the Central District of California in Los Angeles, where he and his lead counsel reside, pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure. *See* Mot. Transfer Venue.

## II. ANALYSIS

The Court first addresses Mr. Hassanshahi's motion to transfer venue to the Central District of California in Los Angeles for trial pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure and finds that transfer in this case is unwarranted. The Court also briefly addresses Mr. Hassanshahi's separate argument, improperly raised for the first time in his reply brief in support of the present motion, that, by statute, the only proper venue is the Central District of California.

### A. Transfer Pursuant to Rule 21(b)

Mr. Hassanshahi's motion to transfer venue for the convenience of himself and his witnesses is governed by Rule 21(b) of the Federal Rules of Criminal Procedure. The Court

begins by reviewing the standard for transfer under Rule 21(b) and then considers each of the relevant factors in turn in order to reach its conclusion.

### 1.  Legal Standard for Transfer

Rule 21(b) of the Federal Rules of Criminal Procedure provides that "[u]pon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice."  Fed. R. Crim. P. 21(b).

In *Platt v. Minnesota Mining & Mfg. Co.*, 376 U.S. 240 (1964), the Supreme Court provided guidance for lower courts for determining whether to grant a motion to transfer venue in a criminal case pursuant to Rule 21(b).  Courts have recognized *Platt* to have identified ten factors for courts to consider:  (1) the location of the defendant; (2) the location of possible witnesses; (3) the location of events likely to be in issue; (4) the location of documents and records likely to be involved; (5) disruption of the defendant's business unless the case is transferred; (6) expense to the parties; (7) the location of counsel; (8) the relative accessibility of the place of trial; (9) the docket condition of each district or division involved; and (10) any other special circumstances which might affect the transfer.  *See United States v. Quinn*, 401 F. Supp. 2d 80, 85 (D.D.C. 2005) (citing *Platt*, 376 U.S. at 243–44).  "No one of the *Platt* considerations is dispositive, and it remains for the court to try to strike a balance and determine which factors are of greatest importance."  *Id.* (internal quotation and citation omitted).  "If the *Platt* factors are equally balanced, a court should deny a motion to transfer."  *United States v. Bowdoin*, 770 F. Supp. 2d 133, 137 (D.D.C. 2011).

Courts in this District have recognized "a general presumption that a criminal prosecution should be retained in the original district."  *Id.* at 138 (citing *Quinn*, 401 F. Supp. 2d at 85;

*United States v. Baltimore & Ohio R.R.*, 538 F. Supp. 200, 205 (D.D.C. 1982)).  "'To warrant a transfer from the district where an indictment was properly returned[,] it should appear that a trial there would be so unduly burdensome that fairness requires the transfer to another district of proper venue where a trial would be less burdensome.'"  *Baltimore & Ohio R.R.*, 538 F. Supp. at 205 (quoting *United States v. U.S. Steel Corp.*, 233 F. Supp. 154, 157 (S.D.N.Y. 1964).  As courts in this District have similarly stated:

> Sound judicial administration and the need for efficient handling of the prosecuting attorney's work load suggest that only rarely and for good cause should a prosecution be withdrawn by a judicial act from the court in which it was brought.  This is especially true where, as in this case, government counsel has carried it before the Grand Jury.  Accordingly, to warrant a transfer the defendant must demonstrate and the Court must be satisfied that the prosecution in the district where the indictment was properly returned will result in a substantial balance of inconvenience to himself.

*Bowdoin*, 770 F. Supp. 2d at 138 (quoting *Baltimore & Ohio R.R.*, 538 F. Supp. at 205 (internal quotation omitted)).  Finally, "[m]otions for change of venue invoke the sound discretion of the trial court, which should not be overturned where there is no clear showing of abuse."  *Jones v. Gasch*, 404 F.2d 1231, 1242 (D.C. Cir. 1967) (internal quotation marks omitted).

### 2.  Location of the Defendant

Mr. Hassanshahi resides in Los Angeles, California, and he relies upon this fact as one of the primary grounds for his motion.  This factor, however, is entitled to little significance.  In *Platt*, the Supreme Court stated that criminal defendants are not entitled to trial in their home districts and the fact that another district may be the home of a defendant "has no independent significance in determining whether transfer to that district would be 'in the interest of justice,' although it may be considered with reference to such factors as the convenience of records, officers, personnel and counsel."  *Platt*, 376 U.S. at 245–46.  *See also Jones*, 404 F.2d at 1240–41 (citing with approval a trial court's treatment of the location of the defendant as "a factor to

4

be considered, but not the controlling factor, deriving significance solely from its relationship to the convenience of witnesses, records and counsel" (internal quotation omitted)); *Bowdoin*, 770 F. Supp. 2d at 138 (stating that the defendant's location was "a very minor consideration"); *Quinn*, 401 F. Supp. 2d at 86 (stating that the defendant's location "is only a minor consideration"). Therefore, while this factor favors transfer to Los Angeles, the Court affords it minimal weight in its analysis.

### 3.  Location of Possible Witnesses

Mr. Hassanshahi states that he intends to call at least three witnesses at trial, all of whom are based in Los Angeles: first, one or more members of his immediate family, most likely his sister; second, a professor of Iranian language at the University of California, Los Angeles; and third, a computer expert that he has not yet located but he "can most readily find" in Los Angeles, where he and his attorney have "numerous contacts." Def.'s Mot. Transfer Venue at 2–3. The Government, for its part, states that it intends to call as witnesses multiple Government employees and the lead agent in Mr. Hassanshahi's case, all of whom reside in the District of Columbia metropolitan area. *See* Opp. Mot. Transfer Venue at 4, ECF No. 71. The Government also states that it may call the translator who translated various documents that will be introduced at trial, particularly if Mr. Hassanshahi is permitted to call a professor of Iranian language, and that the translator resides in the New York metropolitan area. *See id.*

"Generally, a naked allegation that witnesses will be inconvenienced by trial in a distant forum will not suffice for transfer." *Bowdoin*, 770 F. Supp. 2d at 139 (internal quotation omitted). In addition, a defendant seeking a transfer based on inconvenience to witnesses must identify the witnesses and provide a concrete showing of the witnesses' proposed testimony. *See id.* (citation omitted). Mr. Hassanshahi has failed to meet this burden. While he identifies his

5

sister and a professor of Iranian language as witnesses and provides a description of the professor's intended testimony, as well as the intended testimony of a computer expert, he entirely fails to demonstrate that his witnesses will be inconvenienced by a trial in the District of Columbia, solely relying upon the fact that they reside in Los Angeles.  Moreover, Mr. Hassanshahi's motion makes clear that he has yet to actually retain a computer expert and that he simply believes that it will be easier to locate one in Los Angeles.  This falls far short of the showing required to establish the inconvenience of witnesses for purposes of the *Platt* analysis.

Mr. Hassanshahi's naked allegations of inconvenience "fail to counter the presumption that a criminal prosecution should be retained in the district where the indictment was returned, in this case, Washington, D.C."  *Id.* at 139–40 (citing *Baltimore & Ohio R.R.*, 538 F. Supp. at 205).  Accordingly, this factor weighs against transferring venue or, at most, is neutral.

### 4.  Location of Events

The location of events in this case has little, if any, significance in the Court's analysis.  Courts have previously noted that this *Platt* factor "appears to contemplate a case where jurors might benefit from a visit to a crime scene or might require some understanding of local geography."  *Quinn*, 401 F. Supp. 2d at 87.  This is clearly not such a case.

Moreover, even to the extent that the location of events in this case can be considered, it is not clear that the factor would heavily favor Los Angeles as a venue.  Although the Government concedes that "many of [Mr. Hassanshahi's alleged] conspiratorial acts most likely took place while he was in California," Gov't's Sur-Reply at 5, ECF No. 79, the Government also states that, at trial, the bulk of the evidence it seeks to introduce against Mr. Hassanshahi will consist of e-mails recovered from his computer.  *See* Opp. Mot. Transfer Venue at 5.  While the Government seized the computer from Mr. Hassanshahi in January 2012 at LAX, the actual

forensic analysis of the files was performed in Virginia.  *See id.*; *see also United States v. Hassanshahi*, 75 F. Supp. 3d 101, 106–107 (D.D.C. 2014) (describing the circumstances of the search and seizure).  In addition, Mr. Hassanshahi is charged with failing to secure a license that could only have been obtained from the U.S. Department of Commerce, located in the District of Columbia.  *See Quinn*, 401 F. Supp. 2d at 87 ("Defendants make much of the fact that no 'acts' related to these charges occurred in Washington, D.C., for purposes of the *Platt* analysis, but they do not dispute that venue is proper here because of the alleged omissions that are part of the crimes charged (namely the failure to secure licenses for exports to Iran from OFAC).  In fact, the events comprising the offenses occurred in Kentucky, Washington, and overseas.").

### 5.  Location of Documents and Records

As other courts have acknowledged, this factor is of no significance or relevance in cases involving electronically-stored documents that can be easily transferred or made available in any location.  *See Bowdoin*, 770 F. Supp. 2d at 138–39 ("The location of documents is also irrelevant since all documents are available in either location."); *Quinn*, 401 F. Supp. 2d at 87 ("In light of the availability of electronic storage and transfer of the documents relevant to this matter, which the parties acknowledge, this factor is of no significance to the analysis.").  Mr. Hassanshahi makes no arguments to the contrary, and, therefore, the Court finds this factor irrelevant to its analysis.

### 6.  Disruption of the Defendant's Business

This factor is also irrelevant to the Court's analysis, as Mr. Hassanshahi makes no representations or arguments concerning the impact that a trial in the District of Columbia would have on his business.

7. Expense to the Parties

With respect to the issue of expense, Mr. Hassanshahi states that he is "of very limited financial means" and that he "can scarcely afford maintaining himself, let alone counsel, in Washington DC at a hotel or apartment for a multi-week trial." Mot. Transfer Venue at 3. Mr. Hassanshahi's counsel also submits a declaration in support of the motion stating that Mr. Hassanshahi is of "extremely limited financial means," that Mr. Hassanshahi has been unable to pay him any attorney fees, and that Mr. Hassanshahi "barely had enough credit on his credit cards to charge the travel cost of the last hearing in Washington DC." Decl. Saied Kashani ¶ 2, Mot. Transfer Venue at 5. Indeed, the Court is familiar with Mr. Hassanshahi's financial condition, having reviewed his financial records and a declaration concerning his financial condition that he submitted in connection with his prior motion to release a property equity bond posted by a relative, which the Court found good cause to grant. *See* Order, ECF No. 73.

The *Platt* factor, however, requires the Court to consider more than simply the costs that Mr. Hassanshahi will incur as a result of a trial in the District of Columbia. *Platt* calls for the Court to consider the expense to both parties to the case, meaning that the Court must also consider the increased costs that the Government would incur if this case were to be transferred to Los Angeles for trial. *See Quinn*, 401 F. Supp. 2d at 88. As discussed, *infra*, the Government's counsel and nearly all of its witnesses are located in the metropolitan area of the District of Columbia. Requiring them to travel to Los Angeles for trial would incur additional costs. The Court is also mindful that both parties in this case would incur costs if the Court were to transfer venue to Los Angeles, because of the inevitable delay that would result. *See id.* ("[T]he inevitable delay in trial that would result from a transfer could produce incalculable costs—for both parties—that otherwise would not be incurred."). Here, that inevitable delay is

likely to be exacerbated by the Central District of California's highly congested docket, discussed *infra*.

Mr. Hassanshahi's difficulty to meet his financial obligations and the costs that he will incur as a result of a trial in the District of Columbia are surely relevant. *See United States v. Culoso*, 461 F. Supp. 128, 136 n.12 (S.D.N.Y. 1978) ("[I]t is not the fact or size of any expense the defendant may incur as a result of trial in this District but rather his ability to bear the expense that concerns the Courts.") (citing *United States v. Luros*, 243 F. Supp. 160 (N.D. Iowa 1965), *cert. denied sub nom Luros v. Hanson*, 382 U.S. 956 (1965)).  It is difficult, however, for the Court to assign a great amount of significance to Mr. Hassanshahi's financial condition: Based on the record, the Court cannot make a clear determination as to whether the total expense to the parties would be significantly less, if any less at all, if this case were to be transferred to the Central District of California for an inevitably delayed trial.

### 8.  Location of Counsel

Though Mr. Hassanshahi's lead counsel resides in Los Angeles, he has also retained local counsel in the District of Columbia for at least two years.  *See* Notice of Appearance of John Pierce, ECF No. 15.  As discussed, *supra*, the Government's counsel is located entirely within the metropolitan area of the District of Columbia.  This factor is, at best, neutral with respect to transferring venue, if not favoring trial in the District of Columbia.

### 9.  Relative Accessibility of Place of Trial

Mr. Hassanshahi does not argue or suggest that the federal courthouse in District of Columbia, which is served by three international airports, is any less accessible than Los Angeles.  This factor, therefore, is of no relevance.

10.  Docket Conditions

Mr. Hassanshahi does not address this factor in his motion.  The Government, however, provides statistics demonstrating that the docket in the District Court for the Central District of California is far more congested than this Court's docket and that the disparity in congestion has only grown over time.  *See* Opp. Mot. Transfer Venue Ex., ECF No. 71-1.  For example, for the period ending March 31, 2015, the Central District of California had 12,571 cases pending and 28 judgeships (an average of approximately 449 cases per judgeship), whereas this Court had 3,207 cases pending and 15 judgeships (an average of approximately 213 cases per judgeship).  *See id.* at 5–6.  For the period ending June 30, 2014, the Central District of California had 13,243 cases pending and 28 judgeships (an average of approximately 473 cases per judgeship), whereas this Court had 3,365 cases pending and 15 judgeships (an average of approximately 224 cases per judgeship).  *See id.* at 3–4.  This disparity will result in an evitable delay of this case, increased costs for the parties, and the unnecessary waste of judicial resources.  This factor therefore weighs heavily against transfer.

11.  Special Circumstances

Neither party suggests that this case presents any "special circumstances" in favor of or against Mr. Hassanshahi's requested transfer.

\*             \*             \*

Upon consideration of all of the *Platt* factors, the Court has determined that only three of the ten factors *might* favor transfer to the Central District of California:  Mr. Hassanshahi's location, the location of events, and the expense to the parties.  As stated, *supra*, the Court affords these factors little weight in its analysis.  On the other hand, several factors, including the location of witnesses, the location of counsel, and the relative docket conditions at issue, weigh

against transfer.  Mr. Hassanshahi has far from overcome the general presumption against transferring venue, particularly in cases such as this one in which a Grand Jury has returned an Indictment here.  Accordingly, the Court finds that denial of Mr. Hassanshahi's motion is appropriate.

### B.  Mr. Hassanshahi's Argument Regarding 28 U.S.C. § 3238

Finally, the Court feels compelled to address one new argument in this case concerning venue that Mr. Hassanshahi first raised in his reply brief.  Mr. Hassanshahi argues that, separate from his concerns regarding convenience, venue in this Court is improper, because 18 U.S.C. § 3238 mandates that trial take place in Los Angeles.  *See* Reply Opp. Mot. Transfer Venue at 2–5, ECF No. 72.  While Mr. Hassanshahi's attempt to raise this issue in a reply brief in support of a separate motion is improper and he has not filed a motion to dismiss the Indictment for improper venue, the Court briefly addresses the issue here for the sake of clarity.[1]

The Indictment against Mr. Hassanshahi asserts two separate bases for venue in this Court.  *See* Indictment ¶ 2.  First, it states that venue is proper pursuant to Section 3237(a) because "[t]he conduct alleged in this Indictment occurred within the District of Columbia and elsewhere."  *Id.*  Second, it states that venue is also proper pursuant to Section 3238, because "the conduct alleged in this Indictment began outside the jurisdiction of any particular state or district of the United States, but within the jurisdiction of the United States."  *Id.*

---

[1] "[I]t is a well-settled prudential doctrine that courts generally will not entertain new arguments first raised in a reply brief."  *Lewis v. District of Columbia*, 791 F. Supp. 2d 136, 139 n.4 (D.D.C. 2011) (quoting *Aleutian Pribilof Islands Ass'n, Inc. v. Kempthorne*, 537 F. Supp. 2d 1, 12 n.5 (D.D.C. 2008)).  Because Mr. Hassanshahi raised a potentially important issue, however, the Court ordered the Government to file a sur-reply addressing the applicability of the venue statute.  *See* Minute Order (Sept. 11, 2015); Gov't's Sur-Reply, ECF No. 79.

Mr. Hassanshahi argues that Section 3238 mandates the Central District of California as the proper venue. *See* Def.'s Reply at 2–5. Section 3238 provides, in relevant part: "The trial of all offenses begun or committed . . . out of the jurisdiction of any particular State or district, shall be in the district in which the offender . . . is arrested or is first brought." 18 U.S.C. § 3238. Mr. Hassanshahi argues that, because the Indictment stated that his alleged conduct "began outside the jurisdiction of any particular state or district of the United States" and because he was arrested in Los Angeles prior to the filing of the Indictment, venue is only proper in the Central District of California. *See* Def.'s Reply at 2–4.

In response, the Government states that, while the Indictment included "language to cover a variety of anticipated and unanticipated situations," the Government is no longer "seeking to establish venue under § 3238." Sur-Reply at 2, ECF No. 79. *See also id.* at 6 ("We do not contend that § 3238 applies in Hassanshahi's case."). The Government states that Section 3237(a), the first basis for venue asserted in the Indictment, is sufficient. *See id.* at 3. Section 3237(a) provides, in relevant part, that for "any offense against the United States begun in one district and completed in another, or committed in more than one district," venue is proper "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). The Government states that it intends to show at trial, among other things, that: when Mr. Hassanshahi began his alleged conspiracy in March 2009, he was located in the United States;[2]

---

[2] The Government erroneously states that the Indictment alleges this fact. *See, e.g.,* Sur-Reply at 3 ("The Indictment alleges that the defendant's conspiracy began in or around March, 2009, while he was in the United States."); *id.* at 7 ("[O]ur Indictment alleges that Hassanshahi initiated the conspiracy while he was in the U.S."). On the contrary, the Indictment alleges that "the conduct alleged in this Indictment began outside the jurisdiction of any particular state or district of the United States." Indictment ¶ 2. While Mr. Hassanshahi does not take issue with this discrepancy, the Court questions whether, for clarity, the Government should consider correcting this apparent misstatement by striking this sentence, which includes the allegation that venue is proper in this District pursuant to Section 3238 or otherwise.

many of Mr. Hassanshahi's alleged conspiratorial acts most likely took place in California; and Mr. Hassanshahi failed to obtain a license to do business with Iran from the Office of Foreign Assets Control, which is located in the District of Columbia. *See* Gov't's Sur-Reply at 3–7. Assuming these facts, Section 3238 would be inapplicable, because it only applies to offenses "begun or committed" outside the United States.

Mr. Hassanshahi focuses solely on Section 3238 and neglects to mention Section 3237(a), despite the fact that it is cited as the first basis for venue in the Indictment. Even assuming that Section 3238 would be applicable here, Mr. Hassanshahi does not argue that Section 3238 serves as an exception to Section 3237(a). The Court would not find that argument persuasive in any case. Generally, venue may be proper in more than one district. *See United States v. Kwong-Wah*, 924 F.2d 298, 301 (D.C. Cir. 1991). More specifically, interpreting Section 3238 as an exception to Section 3237(a) would be at odds with how courts have interpreted the relationship between the two venue statutes. The Fifth Circuit, for example, has explicitly held that "[t]he venue statutes are not mutually exclusive." *United States v. Williams*, 589 F.2d 210, 213 (5th Cir. 1979). *See also United States v. Zabaneh*, 837 F.2d 1249, 1256 (5th Cir. 1988) (stating that *Williams* held that Section 3238 "is not to be construed as an express exception" to Section 3237(a)). Other courts have similarly recognized that venue could be proper in one district pursuant to one statute while also being proper in another district pursuant to the other statute. *See, e.g., United States v. Levy Auto Parts of Canada*, 787 F.2d 946, 952–53 (4th Cir. 1986) (holding that alleged activity in another district, even if appropriate for establishing venue in that district pursuant to Section 3237(a), did not make venue under Section 3238 in a different district improper); *United States v. Stokes*, No. 6:12-cr-03091-MDH-1, 2014 WL 2895409, at **3–4 (W.D. Mo. June 26, 2014) (holding that, despite the fact that the alleged conduct began outside

13

the United States, venue was proper in the Western District of Missouri pursuant to Section 3237(a), because part of the offense occurred in that district).

Therefore, the Court finds that Mr. Hassanshahi's argument regarding Section 3238, which was improperly presented to the Court, is not a basis for transferring venue for trial.

### III.  CONCLUSION

For the foregoing reasons, the Court will deny Mr. Hassanshahi's Motion to Transfer Venue to the Central District of California for Trial (ECF No. 69).  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  November 19, 2015                                                      RUDOLPH CONTRERAS
                                                                               United States District Judge