SAIED KASHANI, SBN 144805
admitted *pro hac vice*
800 West First Street Suite 400
Los Angeles, California  90012
tel. (213) 625-4320
fax  (213) 652-1900
email:  **saiedkashani@gmail.com**

Attorneys for Defendant
SHANTIA HASSANSHAHI

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 13-CR-274-RC-1 |
| Plaintiff, | ) **JOINT MOTION OF ATTORNEYS SAIED KASHANI AND JOHN PIERCE TO BE RELIEVED AS COUNSEL** |
| v. | |
| SHANTIA HASSANSHAHI, | |
| Defendant. | |

## MOTION

Defendant Shantia Hassanshahi's retained counsel John Pierce of Washington, DC, and Saied Kashani of Los Angeles jointly move to be relieved as counsel in Washington, DC, on the grounds of nonpayment and financial hardship and other recently emerged conditions.

Mr. Hassanshahi is indigent and unemployed as attested by his concurrently filed declaration and financial statement previously filed with this Court. While his financial condition was never good, initially he was able to borrow and pay some expenses. He is no longer able to do even that. John Pierce has not been paid since February 2014. Saied Kashani has never been paid for his services and has not been -- and will not be -- reimbursed any expenses, including travel and accommodations.

Attorney John Pierce moves to be relieved as counsel whether or not the trial of this action takes place in Washington, DC. Attorney Pierce has a small practice and continuing to represent defendant without payment imposes an unreasonable financial burden. When the case incepted, defendant was able to borrow and pay a small retainer to Mr. Pierce's firm, but he is no longer even able to borrow or pay anything. Also, Attorney Pierce "signed on" solely as local counsel, and his continued involvment presupposed outside counsel who would actually try the case in Washington.

Attorney Kashani can no longer serve as that outside counsel in Washington, DC. While defendant has never paid Kashani anything for his services, when the case incepted defendant was at least able to borrow and pay Mr. Kashani's

travel and accommodations in Washington, DC. Defendant can no longer pay even that. Thus, absent relief Mr. Kashani will not only have to represent Mr. Hassanshahi unpaid, Mr. Kashani will also have to pay his own travel, accommodation and other expenses for what government promises will be a multi-week trial in Washington, DC. This is beyond any reasonable bounds.

Also, Mr. Kashani now has certain childcare and family medical obligations which emerged within the last two months and preclude his ability to take time in Washington away from his family to try this case. Mr. Kashani's continued presence in Los Angeles, or otherwise with his family, is required to meet these new obligations, which again did not exist at inception of the case. Mr. Kashani can disclose these additional emergent issues to the court *in camera,* if requested.

Other changed conditions include that the scope of the trial has increased. Government has continued to present new documents and theories even after the originally set production deadline of February 16, 2016, while the June trial date has not been moved.

If the matter is transferred to Los Angeles, Mr. Kashani can serve as counsel. Although he will still be unpaid, he will not be in the position of paying out of pocket for travel and accommodations and will be able to meet his family childcare and medical obligations. But as matters currently stand, Mr. Kashani must withdraw.

Defendant Hassanshahi has consented to the withdrawals after consultation, as stated in his declaration.

Nonpayment is normally grounds to relieve counsel. If this

2

ground is insufficient, counsel will routinely be relieved if continued representation imposes an unreasonable financial or personal hardship or burden. <u>United States SEC v. Woodward</u>, 2014 US Dist. LEXIS 35417 (E.D.Va. Feb. 19, 2014); <u>United States v. Proge</u>, 2014 U.S. Dist. LEXIS 58399 (E.D.Mich. April 28, 2014). In particular, counsel will be relieved if continued representation will result in an unreasonable financial burden on the attorney. <u>United States ex rel Cherry Hill Convalescent Ctr. v. Healthcare Rehab Systems</u>, 994 F. Supp. 244 (D.N.J. 1997).

**GROUNDS TO RELIEVE COUNSEL**

As explained in the accompanying declarations of John Pierce, Saied Kashani and defendant Shantia Hassanshahi, defendant is indigent and unable to pay counsel or even to pay expenses. This is a condition that has worsened since this case incepted. Initially, Mr. Hassanshahi was able to borrow some money and thus was able to pay a retainer of $8,000 to John Pierce's firm and was able to borrow and pay Mr. Kashani's travel to and accommodations in Washington at the hearing last year. But now, as explained in the declarations, Mr. Hassanshahi has no more ability to borrow and thus cannot even pay Mr. Kashani's expenses. He has been unable to find any employment, not least of all because he is unable to pass any background check because of the pending case. Mr. Kashani also has newly expanded childcare and family medical obligations, which can be disclosed *in camera*, which again did not exist when the case incepted.

Thus, while initially it appeared Mr. Hassanshahi might be

able at least to pay expenses, this is no longer possible. In particular, Mr. Kashani cannot be expected to travel to and live in Washington, DC, at his own expense and forego his increased family responsibilities, for what government now promises will be a multi-week trial.

The scope of representation has also increased. Just this year, after three years of litigation, government has expanded the scope of the case to include the following:

1. Government has produced substantial new documents after the original deadline of February 16, 2016.

2. Government is now seeking to introduce evidence of alleged prior acts that allegedly took place more than ten years ago, requiring a "trial within a trial" if accepted.

3. Government expects a multi-week trial.

Notwithstanding the complete lack of payment, now or possibly in the future, Mr. Kashani remains willing to represent Mr. Hassanshahi if the matter is tried in Los Angeles. This is for the simple reason that Mr. Kashani lives in Los Angeles, so travel, accommodations and weeks away from family are not an issue. But it is completely unreasonable to require Mr. Kashani to go completely unpaid *and* personally bear the burden and expense of trial in Washington, DC.

As explained in his declaration, Mr. Pierce signed on as local counsel. He did not expect, and did not prepare, to try the case. Mr. Kashani was to try the case. Mr. Pierce's continued representation as local counsel presupposes Mr. Kashani's continued involvement as outside counsel, which is no longer possible. Thus Mr. Pierce must also withdraw.

This motion to withdraw cannot presuppose the result of the pending venue determination. Thus at this time, with trial to take place in Washington, DC, both counsel request to be relieved.

This is not a case where, as government may argue, counsel knew defendant was indigent when the case incepted and therefore remain bound. At the beginning, Mr. Hassanshahi was able to borrow and pay a retainer to Mr. Pierce, and Mr. Hassanshahi was able to borrow and pay Mr. Kashani's expenses. This is no longer the case. Also, Mr. Kashani's family and medical situation changed since the case incepted. Thus, while some cases have suggested counsel who agree to represent indigent defendants must continue, this is not such a case due to changed conditions.

Also while counsel have, on rare occasions, been required to continue to represent a defendant without payment, counsel have never, to movants' knowledge or case research, been required to pay substantial expenses out of pocket in order to continue the representation.

Finally, as the court is aware, neither attorney Kashani nor Pierce has ever shirked his responsibilities. Mr. Hassanshahi has been afforded a strong and diligent defense encompassing many unique areas well outside the usual parameters. Changed financial and other circumstances simply make it impossible for them to continue on the case.

## CONCLUSION

For the foregoing reasons, the court should relieve attorneys Saied Kashani and John Pierce.

DATED: May 9, 2016

_____
Saied Kashani
Atty pro hac vice for Defendant

_____
John Pierce
Local counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing opposition was served electronically on Frederick Yette, counsel for the government, via email to Mr. Yette's confirmed email address on May 9, 2016.

*Saied Kashani*

Saied Kashani