## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Criminal Action No.: 13-0274 (RC) |
| SHANTIA HASSANSHAHI, : | |
| *also known as Shantia Hassan Shahi*, : | Re Document Nos.: 89, 104 |
| *also known as Shahi*, : | |
| *also known as Shantia Haas*, : | |
| *also known as Sean Haas*, : | |
| : | |
| and : | |
| : | |
| HASSTON, INC., : | |
| : | |
| Defendants. : | |

### MEMORANDUM OPINION

### DENYING DEFENDANT'S SUPPLEMENTAL MOTION TO TRANSFER VENUE AND DENYING DEFENDANT'S REQUEST TO DISMISS FOR IMPROPER VENUE

### I. INTRODUCTION

Defendant Shantia Hassanshahi is charged with one count of conspiracy to violate the International Economic Emergency Powers Act, 50 U.S.C. § 1705, and the Iranian Transactions and Sanctions Regulations, 31 C.F.R. §§ 560.203–204, commonly referred to as the United States' trade embargo against Iran. Mr. Hassanshahi previously filed a motion to transfer venue, for the convenience of himself and his witnesses, from this District to the Central District of California in Los Angeles. *See* Def.'s Mot. to Transfer Venue, ECF No. 69. The Court denied that motion on November 19, 2015. *See* Order, ECF No. 84; Mem. Op., ECF No. 85; *United States v. Hassanshahi*, No. 13-0274, 2015 WL 7307079 (D.D.C. Nov. 19, 2015). In its memorandum opinion, the Court also rejected Mr. Hassanshahi's claim—raised for the first time

in his reply brief—that venue in this Court is improper because 18 U.S.C. § 3238 mandates that trial take place in Los Angeles.  *See Hassanshahi*, 2015 WL 7307079, at *5–7.  Thereafter, the Court permitted Mr. Hassanshahi to file a new motion addressing alleged factual discrepancies between the Indictment and the Government's surreply in opposition to Mr. Hassanshahi's motion to transfer venue.  *See* Scheduling Order, ECF No. 87.  That motion (ECF No. 89), and an additional response to the Government's opposition, which Mr. Hassanshahi styles as a "further request to dismiss for improper venue" (ECF No. 104), are now before the Court.  Once again, Mr. Hassanshahi argues that venue is proper only in the Central District of California—where he was arrested and resides.  For the reasons that follow, the Court finds that venue is proper in this District under 18 U.S.C. § 3237(a), and will deny Mr. Hassanshahi's motion.[1]

## II. ANALYSIS

Mr. Hassanshahi's arguments involve the relationship between two venue statutes.  The first, 18 U.S.C. § 3237(a), states that:

> Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

18 U.S.C. § 3237(a).  The other, 18 U.S.C. § 3238, entitled "Offenses not committed in any district" provides that:

> The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought; but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender or of any one of two or more joint offenders, or

---

[1] The Court does not reproduce the factual background in this case, and assumes familiarity with its earlier memorandum opinion.  *See Hassanshahi*, 2015 WL 7307079, at *1.

> if no such residence is known the indictment or information may be filed in the District of Columbia.

18 U.S.C. § 3238. The Indictment against Mr. Hassanshahi asserts two separate bases for venue in this District pursuant to these provisions: it states that venue is proper under § 3237(a) because "[t]he conduct alleged in this Indictment occurred within the District of Columbia and elsewhere," and also that venue is proper under § 3238, because "the conduct alleged in this Indictment began outside the jurisdiction of any particular state or district of the United States, but within the jurisdiction of the United States."[2] Indictment ¶ 2.

Mr. Hassanshahi asserts two arguments for why venue is improper in this District and why this case must therefore be dismissed. First, he claims that venue in this case can only be governed by 18 U.S.C. § 3238 and that the Government's argument to the contrary, in any event, contradicts the Indictment's factual allegation that Mr. Hassanshahi's conduct "began outside the jurisdiction of any particular state or district." *See* Indictment ¶ 2; *see also* Def.'s Supp. Mem. & Mot. for Venue Transfer at 4–6, ECF No. 89 [hereinafter "Def.'s Mot."]; Def.'s Resp. to Gov't's Feb. 16 Mem. & Further Request to Dismiss for Improper Venue at 4–9, ECF No. 104 [hereinafter "Def.'s 2d Mot."]. Second, Mr. Hassanshahi contends that venue is improper even under § 3237(a) because his failure to secure a license from the Office of Foreign Assets Control (OFAC) does not suffice to show that the offense was "begun, continued, or completed" in the District of Columbia and, thus, provides no basis for his prosecution in this District. *See* Def.'s Mot. at 1–4; Def.'s 2d Mot. at 9–12.

---

[2] For this reason, Mr. Hassanshahi is incorrect when he states that the Government originally argued venue only under § 3238. *See* Def.'s Supp. Mem. & Mot. for Venue Transfer at 1, ECF No. 89.

Taking the second contention first, the Court rejects it because venue is proper in this District under § 3237(a).  "Venue may be proper in more than one district," *United States v. Lam Kwong-Wah*, 924 F.2d 298, 301 (D.C. Cir. 1991), and, here, Mr. Hassanshahi is charged with exporting goods and services to Iran "without having first obtained the required license from [OFAC], located in the District of Columbia," Indictment ¶ 1.  Although Mr. Hassanshahi's failure to secure a license is admittedly only a part of the criminal offense with which he has been charged, it is a critical one.  "Except as otherwise authorized" by a license pursuant to OFAC regulations (or by certain exceptions not relevant in this case), any exportation by a United States person of "goods, technology, or services" to Iran "is prohibited."  31 C.F.R. § 560.204.  Therefore, "venue is proper here because of the alleged omissions that are part of the crimes charged (namely the failure to secure licenses for exports to Iran from OFAC)."  *United States v. Quinn*, 401 F. Supp. 2d 80, 87 (D.D.C. 2005); *see also United States v. Montgomery*, 441 F. Supp. 2d 58, 60–61 (D.D.C. 2006) (concluding, in an analogous case, that venue was proper in the District of Columbia over the defendant's charge of exporting arms and other goods to Macedonia in violation of a Department of Commerce Office of Export Administration denial order because the defendant's "failure to ask for authorization to export . . . occurred in the District of Columbia").

Mr. Hassanshahi claims that *Quinn* and *Montgomery* cannot support the Government's venue argument because *Montgomery* relied only on *Quinn* for support, and the issue was not contested in *Quinn*.  Mr. Hassanshahi is correct insofar as *Quinn* noted that the defendants there had conceded venue in this District.  *See Quinn*, 401 F. Supp. 2d at 87 (noting that defendants "do not dispute that venue is proper here").  But even if the issue was conceded in *Quinn*, the Court's discussion is undoubtedly correct as a matter of law, as *Montgomery* makes clear.

4

Contrary to Mr. Hassanshahi's suggestion, *Montgomery* cited far more than just *Quinn* in support of the principle that an omission can support a prosecution "in the district in which the actions were to have occurred," or that "venue in cases involving a failure to make [a] required filing is typically in the district in which that failure occurred." *See* 441 F. Supp. 2d at 61 (citing, *e.g.*, *Johnston v. United States*, 351 U.S. 215, 221 (1956) (noting that, "where the crime charged is a failure to do a legally required act, the place fixed for its performance fixes the situs of the crime"); *United States v. DiJames*, 731 F.2d 758, 762 (11th Cir. 1984) (concluding that venue was proper in the District of Columbia for a charge of failure to file the Labor Department trusteeship report required when an international union took over a local union)); *accord United States v. Bugai*, No. 97-1280, 1998 WL 553168, at *2 (6th Cir. Aug. 21, 1998) (noting that "the omission of a legally required act occurs where the act was required to be performed"). Nor does the Court find convincing Mr. Hassanshahi's contention that, because a defendant can apply for an OFAC license on the Internet, his failure to apply can take place anywhere in the world. *See* Def.'s Mot. at 3–4 & Attach.; Def.'s 2d Mot. at 11. To secure a license from OFAC, any application must be sent to, received by, and then approved by the Department of the Treasury. Therefore the place of *performance* of the request—regardless of from where that request is sent—remains the District of Columbia. Accordingly, venue in this case is proper under § 3237(a).

In the alternative, Mr. Hassanshahi contends that § 3237(a)'s venue provision is merely permissive, and claims that even if venue could be supported under that section, it is trumped by § 3238, which he reads as mandatory. Mr. Hassanshahi highlights § 3237(a)'s language instructing that the section applies "[e]xcept as otherwise expressly provided by enactment of Congress," 18 U.S.C. § 3237(a), and contrasts that language with § 3238's admonition that "trial

5

of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, *shall be in the district*" where the defendant is first arrested or last resided, 18 U.S.C. § 3238 (emphasis added). Because the bulk of this case allegedly took place overseas, and because Mr. Hassanshahi was arrested in and resides in Los Angeles, California, he claims that venue is only proper in the Central District of California. *See* Def.'s Mot. at 4–6; Def.'s 2d Mot. at 4–9.

The Court acknowledges that there exist only a limited number of cases considering the relationship between § 3237(a) and § 3238. Nevertheless, every court that the Court is aware of to have considered the issue has concluded that § 3238 is not a mandatory exception to § 3237(a). Both sections have been described as "generic venue-laying statutes" that "serve in some measure to provide a default basis for setting venue." *United States v. Miller*, 808 F.3d 607, 614 (2d Cir. 2015). The Fifth Circuit, for example, has held that "[t]here is [a] significant difference between the phrases 'shall be tried' and 'may be prosecuted only,'" and, therefore, that § 3238 "is not to be construed as an express exception to the broad provision for venue under § 3237(a)." *United States v. Zabaneh*, 837 F.2d 1249, 1256 (5th Cir. 1988) (citing *United States v. Williams*, 589 F.2d 210, 213 (5th Cir. 1979)). And courts have likewise concluded that the two venue statutes are "not mutually exclusive." *Williams*, 589 F.2d at 213. It may be that technology and international communication have increased the possibility that both provisions might apply to a single charged crime. But, beyond his emphasis on the term "shall," Mr. Hassanshahi has identified no case in which a court has held that § 3238 constitutes an express exception to § 3237(a).

To be sure, most cases involve the converse of Mr. Hassanshahi's argument—that is, a defendant argues that venue is improper under § 3238 because part of the crime took place in the

United States such that venue would also be proper elsewhere under § 3237(a). In those cases, courts rejected the arguments. *See, e.g.*, *United States v. Levy Auto Parts of Can.*, 787 F.2d 946, 951 (4th Cir. 1986) (endorsing Fifth Circuit precedent holding that "there is an overlap between the two sections, and that venue under § 3238 is appropriate notwithstanding the fact that venue in another district also could have been appropriate under § 3237(a)"); *United States v. Williams*, 589 F.2d 210, 213 (5th Cir. 1979), *adopted in pertinent part*, 617 F.2d 1063, 1071 (5th Cir. 1980) (en banc) ("The venue statutes are not mutually exclusive, and a suggestion that venue is proper under § 3237(a) will not serve to divest venue from another judicial district if venue is proper in that district under § 3238."). Nevertheless, the mere fact that those courts entertained the argument at all indicated that they did not view § 3238 as a mandatory, express exception to § 3237(a). Had they thought so, each court's inquiry would have been at an end once they determined that § 3238 properly applied.

If anything, a recent Second Circuit decision issued after this Court's November 19, 2015 memorandum opinion only strengthens the Court's preliminary conclusion that it "would not find [Mr. Hassanshahi's] argument persuasive." *See Hassanshahi*, 2015 WL 7307079, at *6. In *United States v. Miller*, the Second Circuit considered whether a defendant could be tried under § 3238 in the District of Vermont for aiding and abetting the removal of a child from the United States. *See* 808 F.3d 607, 611 (2d Cir. 2015). The child's mother had traveled from Virginia, through Maryland and Pennsylvania, and across the Canadian border by way of Buffalo, New York. *Id.* The defendant, Kenneth Miller, had organized the mother's departure and arranged for her travel. *Id.* At the time he was charged, however, Mr. Miller was in Ireland. *Id.* He was arrested only upon his return to the United States the next month, in Vermont. *Id.* He was

7

indicted a few days later, and the government secured that indictment, and tried Mr. Miller, in Vermont. *Id.* at 611–13.

Although Mr. Miller moved to dismiss the indictment for improper venue, the government argued that venue was proper in Vermont for several reasons, including under § 3238 because "the crux of the underlying offense," the child's removal into Canada, "occurred outside of the jurisdiction of any particular State or district." *Id.* at 612. The Second Circuit ultimately found this argument persuasive and concluded that the statute could apply to crimes that begin inside the United States but are, in their essence, committed abroad. *See id.* at 619. In doing so, however, the court noted that it did not believe "venue becomes improper under § 3238 simply because it might also have been properly laid elsewhere pursuant to § 3237(a)," and did not "foreclose the possibility that venue might also have been proper in" Virginia, Maryland, Pennsylvania, or New York "under § 3237(a)." *Id.* at 620 & n.9. The *Miller* court also clarified a statement in one of its prior cases, *United States v. Gilboe*, which stated that § 3238 applies only to offenses "not committed in any district," by explaining that in *Gilboe* the circuit had concluded that venue was nevertheless proper in the Southern District of New York under § 3237(a). *Id.* at 621 (citing *United States v. Gilboe*, 684 F.2d 235, 238–39 (2d Cir. 1982)). As the *Miller* court noted, "[w]ith that conclusion, our passing comments regarding § 3238, whose applicability the defendant had urged as an *exclusive alternative* to § 3237, were rendered dicta." *Id.* (emphasis added). Yet again, that the Second Circuit believed it did not need to consider § 3238, having found venue proper under § 3237(a), reiterates its conclusion that the venue statutes are not mutually exclusive and that § 3238 is not an express exception to § 3237(a).

This conclusion also absolves any concern regarding the discrepancy Mr. Hassanshahi raises between the Indictment's allegation that the conspiracy "began outside the jurisdiction of

any particular state or district," Indictment ¶ 2, and the Government's more recent contention that that it now plans to prove that the conspiracy began while Mr. Hassanshahi was in the United States, *see, e.g.*, Gov't's Opp'n at 4, ECF No. 93. Even accepting the Indictment's factual allegation as true, because § 3238 is not an express exception to § 3237(a), venue in this District does not become improper simply because venue might also be proper elsewhere under § 3238. The Indictment stated two alternative grounds for venue; the first was § 3237(a), and venue under that provision is proper.[3] Accordingly, Mr. Hassanshahi's motions are denied.[4]

### III.  CONCLUSION

For the foregoing reasons, Defendant's motions to dismiss for improper venue (ECF Nos. 89, 104) are **DENIED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: May 13, 2016                                              RUDOLPH CONTRERAS
                                                                 United States District Judge

---

[3] As the Court stated before, the Government's discrepancy is readily apparent, and "the Court questions whether, for clarity, the Government should consider correcting this apparent misstatement by striking" the Indictment's sentence discussing § 3238. *Hassanshahi*, 2015 WL 7307079, at *6 n.2. Because the Government's first venue allegation is sufficient, the Indictment's second, seemingly boilerplate allegation concerning § 3238 is unnecessary. Moreover, the § 3238 statement is erroneous in any event because Mr. Hassanshahi was both arrested and resides in California. Thus, given the facts of this case, venue under § 3238 would be proper in California. Venue is only available in the District of Columbia under § 3238 if "no such [prior United States] residence [of the defendant] is known." 18 U.S.C. § 3238.

[4] In his most recent filing, Mr. Hassanshahi argues that the need to transfer is particularly "acute" in light of several recent developments regarding his inability to pay counsel and other circumstances. *See* Def.'s 2d Mot. at 3–4. Whatever relevance these arguments have for resolution of counsel's pending motions to withdraw, they are not informative in resolving the specific statutory arguments made here.