SAIED KASHANI, SBN 144805
800 West First Street Suite 400
Los Angeles, California  90012
tel. (213) 625-4320
fax  (213) 652-1900
email:  saiedkashani@gmail.com

JOHN P. PIERCE
Themis PLLC
2305 Calvert Street NW
Washington, DC  20008
tel. (202) 567-2040
fax  (202) 567-2051
email:  JPierce@Themis.US.com

Attorneys for Defendant
SHANTIA HASSANSHAHI

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.   13-CR-274-RC-1 |
| Plaintiff, | **DEFENDANT'S STATUS REPORT RE PLEA** |
| v. | |
| SHANTIA HASSANSHAHI, | Hearing:  Sept. 14, 2016 |
| Defendant. | |

A.   Summary

Following the court's evidentiary rulings, defendant Shantia Hassanshahi believes the government can prove its case at trial and wishes to accept responsibility for the acts charged and save the government and this Court the expense of a trial. Defendant wishes to enter a plea of guilty to the single count of the indictment, but also hopes to retain his right to appeal the Court's rulings on suppression of evidence based on the telephony program and/or venue. Defendant requested to plead guilty with this right of appeal from the government but, after review, the government declined. Defendant then signed a plea agreement without a right of appeal.

Afterwards, the Electronic Frontier Foundation, which has instituted other litigation concerning the telephony program(s), contacted defendant and urged retention of the right of appeal in order to seek appellate review of the issues involved, which are of national importance. The EFF's amicus letter is attached and will have been submitted to the court. EFF writes:

> As the Court is aware, during this prosecution the Department of Justice disclosed, for the first time, that the Drug Enforcement Agency collected the call records of millions of American's international telephone calls in bulk. To our knowledge, Mr. Hassanshahi's case represents the only criminal prosecution in which the government has admitted using this program. Thus, this case likely represents the only opportunity to address the significant constitutional and statutory issues related to the program at the appellate level.
>
> We take no position on the guilt or innocence of the accused, or the appropriate

1

sentence, if any. Rather, we write only to inform the Court that, in our view, **the surveillance program used in Mr. Hassanshahi's prosecution presents important issues of statutory and constitutional law — issues for which there is a significant public interest in allowing Mr. Hassanshahi the opportunity to seek appellate court review.**

Following contact by the EFF, Defendant again requested to retain his right to appeal on this discreet issue (and the venue issue) as part of his plea agreement, but again the government declined. In a final attempt to persuade the government on his requested course of action, Mr. Hassanshahi has offered and requested to plead straight up to the indictment under Rule 11(a)(2) with no benefits whatsoever in exchange for his plea except his right to appeal the discreet, identified issues. Mr. Hassanshahi's last request was likewise declined by the government.

At this time defendant wishes to save the government and court the cost of a trial, but nonetheless wishes to retain a right of appeal. Defendant appears to have two options:

(a) To hold a trial and be found guilty (a probable result based on the state of the evidence), solely to preserve a right of appeal; or

(b) To request this Court to certify its rulings on suppression of evidence gathered as a result of the telephony program and/or venue for interlocutory appeal. If this course is followed, defendant agrees to plead guilty to the single count if the rulings are affirmed.

Defendant respectfully requests an opportunity to address

the Court and government counsel on whether an interlocutory appeal is appropriate or whether there is some other means to resolve the issue without the expense of a trial.

Defendant wishes to emphasize that the appellate issue is not only for his own personal benefit and account but is also of national importance as attested by the amicus letter, and that he has asked to retain that right of appeal and nothing else in exchange for his plea of guilty.

B. **Legal Analysis**

Federal rules normally require the government's agreement to any plea that preserves the right of appeal. One reason for this is that evidence could go stale and memories fade pending an appeal, making it more difficult to present the case at trial if the appeal succeeds but the government retains a case. This reason applies most forcefully when the appeal is to an issue that is not fully dispositive of the case, for example suppression of some, but not all, of the evidence.

In this case these impediments do not apply because:

1. The appeal is dispositive of the entire case, not a part. The Court recognized before that the telephony program is the "but for" cause of the search. The issue of whether the government could have searched defendant's computer anyway is also itself part of the appeal. The search in turn led to all of the evidence in the case. Thus if the appeal is successful, there will be no admissible evidence against the accused. There will be nothing to try. Conversely if the appeal fails, the case will be in exactly the same posture as today.

2. Staleness of evidence is not an issue because the

defendant agrees to plead guilty to the single count if the appeal is unsuccessful. Indeed, the defendant is prepared to so plea now, and accept the sentence imposed, and appeal therefrom, but the government declines this option.

3. Even if the defendant were not prepared to plead guilty, or accepting the government's concern that such a plea could be theoretically withdrawn in the future, the evidence here will not go stale and memories will not fade. There are no percipient witnesses in this case. 100% of the evidence consists of documents obtained from or derived from defendant's computer. As the court recognized on the evidentiary motions, these documents speak for themselves. Even the authentication of the documents depends on their source, defendant's computer (or document subpoenas on Google mail), not on witnesses.

Documents will not change, nor will their source. Thus the concern for stale evidence or faded memories after an appeal does not apply.

C. **Conclusion**

For the foregoing reasons, defendant requests the Court's assistance in arriving at a plea that obviates the need for a trial while preserving a right of appeal on the significant issues raised by this case.

DATED:   September 12, 2016

*[signature]*

Saied Kashani
California State Bar 144805
800 W. 1st St. Suite 400
Los Angeles, CA   90012

4

tel. (213) 625 4320

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing opposition was served electronically on Frederick Yvette, counsel for the government.

_____
Saied Kashani



**ELECTRONIC FRONTIER FOUNDATION**
Protecting Rights and Promoting Freedom on the Electronic Frontier

The Honorable Rudolph Contreras
United States District Court for the District of Columbia
E. Barrett Prettyman United States Courthouse
333 Constitution Ave., NW
Washington, D.C. 20001

Re: *United States v. Hassanshahi*, 13-cr-00274

Dear Judge Contreras:

We write in regard to the above-captioned case. The Electronic Frontier Foundation (EFF) is a member-supported, non-profit organization, working to protect civil liberties in the digital age. As part of that mission, EFF regularly represents clients and participates as *amicus* in cases challenging the legality of government surveillance programs.

As the Court is aware, during this prosecution the Department of Justice disclosed, for the first time, that the Drug Enforcement Agency collected the call records of millions of Americans' international telephone calls in bulk. To our knowledge, Mr. Hassanshahi's case represents the only criminal prosecution in which the government has admitted using this program. Thus, this case likely represents the only opportunity to address the significant constitutional and statutory issues related to the program at the appellate level.

We take no position on the guilt or innocence of the accused, or the appropriate sentence, if any. Rather, we write only to inform the Court that, in our view, the surveillance program used in Mr. Hassanshahi's prosecution presents important issues of statutory and constitutional law—issues for which there is a significant public interest in allowing Mr. Hassanshahi the opportunity to seek appellate court review.

Respectfully submitted,

Mark Rumold
Senior Staff Attorney
Electronic Frontier Foundation

815 Eddy Street • San Francisco, CA 94109 USA
voice +1 415 436 9333    fax +1 415 436 9993    web www.eff.org    email information@eff.org