**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No.: 13-274 (RC) |
| | : | |
| SHANTIA HASSANSHAHI, | : | |
|    aka SHANTIA HASSAN SHAHI, | : | |
|    aka SHAH | : | |
|    aka SHANTIA HAAS, | : | |
|    aka SEAN HAAS, | : | |
| | : | |
|    Defendant. | : | |

**GOVERNMENT'S STATUS REPORT REGARDING PLEA HEARING**

On September 14, 2016, the defendant is scheduled to appear before this Court to enter a guilty plea to the indictment charging him with one count of Conspiracy to Unlawfully Export Goods, Technology, and Services to Iran without the required license from the Office of Foreign Assets Control (OFAC), and to Defraud the United States, in violation of Title 18 United States Code, Section 371, and Title 50, United States Code, Section 1705, and Title 31, Code of Federal Regulations, Parts 560.203 and 560.204. Copies of the plea letter and statement of offense that were negotiated between the government and defendant have been previously provided to the Court.

Yet, on September 12th, the defendant filed a Status Report (ECF Doc. No. 123) claiming that he wants to enter a guilty plea, but seeking the Court's insertion into the plea process to enable the defendant to appeal the Court's rulings denying the defendant's motion to suppress evidence (See ECF Doc. Nos. 44 & 45; *U.S. v. Hassanshahi*, 75 F.Supp.3d 101 (D.D.C. 2014)) and to transfer venue (See ECF Doc. Nos. 84 & 85; *U.S. v. Hassanshahi*, 2015 WL 7307079

(D.D.C. Nov. 11, 2015)).[1]  The government has repeatedly informed the defendant that it will not agree to a conditional plea agreement that would permit him to appeal this Court's prior rulings. In accordance with this position, the plea agreement negotiated between the parties, and signed by the defendant, states that the defendant "agrees to waive his right to appeal the Court's rulings on the motion to suppress evidence and any other legal rulings made by the Court prior to sentencing." Paragraph 9(D) of the plea letter dated July 7, 2016.

At the "eleventh hour" before the plea hearing, the defendant now seeks to plead guilty <u>and</u> pursue an appeal purportedly because the Electronic Frontier Foundation wants him to challenge the constitutionality of a DEA telephony metadata program that was ended in 2013. The government does not agree to this course of action, and, absent the government's consent, there is no legal basis for the defendant's proposed course of action.

Rule 11(2) of the Federal Rules of Criminal Procedure permits a defendant to enter a conditional plea of guilty and preserve appellate court review of adverse legal rulings – but only with "the consent of the court and the government. . . ."  The government does not consent.

Title 28, Section 1292(b), permits the Court to recommend for interlocutory appeal certain rulings on important questions of law – but only in civil cases.  This is not a civil case, and thus that statute has no bearing on Hassanshahi's case.  As the government has previously represented to the Court, the government is unaware of any basis on which the court of appeals could have jurisdiction over the interlocutory appeal defendant proposes to pursue.

The government respectfully submits that this Court does not have the authority to certify an interlocutory appeal in this criminal case, and that the Court should not follow the defendant's

---

[1] The defendant's interest in appealing the Court's ruling on venue makes little sense if he intends to admit his guilt in this case.  He would be just as guilty in Los Angeles, CA, his choice of venue, as he would be in the District of Columbia, so a victory on venue would not prevent his conviction.

suggestion that it participate in any plea discussions, as this would be inconsistent with Rule 11(c)(1), Fed. R. Crim. P., which provides that the Court "must not participate in these [plea agreement] discussions."

Finally, the government observes that the primary question defendant seeks to litigate on appeal (and the only question on which EFF claims an interest) was not even decided by this Court. This Court correctly found that it was unnecessary in this case to pass on the constitutional or statutory legality of the former DEA telephony metadata collection program because the evidence in this case is not "fruit" of that program. *See Hassanshahi*, 75 F.Supp.3d at 109. The Court also did not reach constitutional questions related to the border search of the defendant's laptop. The Court accepted "*arguendo* that reasonable suspicion" was required to conduct the search. *Id*. at 112. After analysis, the Court concluded "that there was reasonable suspicion for the forensic examination of Hassanshahi's laptop, [and therefore] the constitutional question of whether that examination required reasonable suspicion [became] moot." *Id*. at 119 (footnote omitted). In fact, this Court pointedly noted that it would not address "a constitutional question that had no practical effect on the final disposition of the case." *Id*. at fn. 11.[2]

In short, there is no legal basis for the Court to submit its prior rulings to an appellate court for review. If the defendant wants to exercise his right to a trial, he may do so, and in the event of conviction he can appeal this Court's earlier rulings. If the defendant wishes to enter a guilty plea, he may do so pursuant to the plea agreement that he and his counsel signed after

---

[2] The defendant also claims that an appeal should be permitted without the government's consent because even if he loses his appeal, the government's case would not be prejudiced by the delay because the government will not be presenting the testimony of witnesses whose memories could be affected by the delay. Contrary to the defendant's belief, the government might very well present witnesses at trial who have relevant information regarding his guilt, and whose memories could be affected by the passage of time. His incorrect assumptions about the government's proof in the event of trial do not support his request that the Court make new law by certifying its rulings for appellate review over the government's objection.

extensive negotiations with the government.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney

_____/s/_____
Frederick Yette, D.C. Bar 385391
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7733
frederick.yette@usdoj.gov

_____/s/_____
JEFFREY M. SMITH, D.C. Bar 467936
Appellate Unit
National Security Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530