IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 13-274 (RC) |
| | : | |
| v. | : | |
| | : | |
| SHANTIA HASSANSHAHI, | : | **FILED** |
| aka SHANTIA HASSAN SHAHI, | : | |
| aka SHAHI, | : | SEP 1 4 2016 |
| aka SHANTIA HAAS, | : | |
| aka SEAN HAAS, | : | Clerk, U.S. District and Bankruptcy Courts |
| | : | |
| Defendant. | : | |

## STATEMENT OF OFFENSE

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Shantia Hassanshahi ("Hassanshahi" or "defendant") agrees and stipulates as follows:

1. Hassanshai is a dual citizen of the United States and Iran.

2. At all times during the conspiracy alleged in the indictment, that is, from in or around March 2009 through in or around January 2013, Hassanshahi knew that the United States had imposed sanctions against Iran which prohibited United States citizens, including Hassanshahi, from providing goods, technology and services to Iran without a license from the United States government.

3. During the course of the conspiracy alleged in the indictment, neither Hassanshahi nor any of his coconspirators ever applied for, or obtained, a license to export goods, technology and services to Iran from the United States government, in particular, the Office of Foreign Assets Control, which is located in the District of Columbia.

4. In March 2009, the defendant formed a California corporation called Hasston, Inc., in order to assist him in conducting business with Iran.

5. On or about May 19, 2009, one of the defendant's coconspirators, who shall be identified herein as "MB," sent the defendant an email message directing the defendant to place an order for protection relays with Areva T&D ("Areva"), a company in Canada that manufactured protection relays. Protection relays are electromechanical devices that are designed to trip a circuit breaker when a problem, or fault, is detected in an electrical power grid.

6. On or about May 27, 2009, Hassanshahi sent the first of several purchase orders for protection relays to Areva. That purchase order and all subsequent purchase orders were placed on letterhead for the Hasston, Inc., company. The cost of the protection relays Hassanshahi ordered in the first purchase order was more than $150,000. In or around August 2009, Hassanshai made a partial payment of $35,000 to Areva for the first two orders of protection relays that he had placed.

7. On or about October 15, 2009, the defendant sent MB an email informing MB that the first shipment of protection relays, consisting of four boxes, would be exported from Montreal, Canada to Austria and then Erbil, Iraq. On or about October 30, 2009, MB sent Hassanshahi an email confirming that three of the four boxes had arrived in Erbil, and that another coconspirator would smuggle them into Iran the next day. On or about November 8, 2009, MB sent the defendant an email confirming receipt of the last box of protection relays in Iraq, so it also could be smuggled into Iran. In 2010 and 2011, Hassanshahi and his coconspirators shipped additional protection relays manufactured by Areva to Iran. There were money transfers associated with the sales and shipments. Hassanshahi and his coconspirators utilized the wires, mails and/or telecommunications in furtherance of the sales and shipments.

7. During the conspiracy, Hassanshahi informed Areva that the protection relays he was ordering would be used in a power plant in Iraq. Hassanshahi knew this statement was false because he knew that he was actually ordering the protection relays for exportation to an Iranian electric power company, the Fars Region Electric Power Company.

Hassanshahi and his coconspirators also made false statements to Canadian and other government officials in furtherance of the sales and shipments.

8. During the course of the conspiracy, Hassanshahi knowingly and willfully conspired with MB and others to export protection relays from Canada to Iran, without a license to engage in such exports from OFAC.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney

_____
Frederick Yette
D.C. Bar No. 385-391
Assistant United States Attorney
(202) 252-7733
frederick.yette@usdoj.gov

9/14/16

### DEFENDANT'S ACCEPTANCE

I have read the Statement of Offense setting forth the facts and have discussed it with my attorneys, Saied Kashani, Esq. and/or John Pierce, Esq. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 9/14/16

_____
Shantia Hassanshahi
Defendant

### ATTORNEY'S ACKNOWLEDGMENT

I am counsel for the defendant, Shantia Hassanshahi. I have carefully reviewed the above Statement of Offense with my client. To my knowledge, the decision to stipulate to these facts is an informed and voluntary one.

Date: 9/14/14

_____
Saied Kashani, Esq.
John Pierce, Esq.
Attorneys for Defendant

3