SAIED KASHANI, Cal. SBN 144805
800 West First Street Suite 400
Los Angeles, California  90012
tel. (213) 625-4320
fax  (213) 652-1900
email:  **saiedkashani@gmail.com**

Attorney for Defendant
SHANTIA HASSANSHAHI
admitted *pro hac vice*

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 1:13-CR-00274 RC |
| Plaintiff, | ) **RESPONSE OF DEFENDANT SHANTIA HASSANSHAHI TO DC PROBATION OFFICE POSITION ON APPLICATION FOR RELEASE FROM BALANCE OF SUPERVISED RELEASE** |
| v. | |
| SHANTIA HASSANSHAHI, | |
| Defendant. | |

Defenandant/applicant Shantia Hassanshahi responds to the statement of the DC Probation Office opposing his request from release from the balance of his supervised release (some 7 months remaining out of ):

1. <u>The court has the power to end all terms of supervised release</u>. It is true that termination of supervised release ordinarily may be requested after completion of one year pursuant to 18 U.S.C. § 3583(e)(1). However, pursuant to 3583(e)(2), the court may "modify, reduce or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." Under this subpart, "the trial court, **as it sees fit**, may modify an individual's conditions of supervised release." <u>United States v. Johnson</u>, 29 U.S. 53, 60 (2000). There is thus a complete discretion to modify under 3583(e)(2), which necessarily includes the power to end all terms of supervised release.

2. <u>Supervised release is hampering defendant's efforts to seek work</u>. As the probation office noted, defendant has been unable to obtain IT contracts because of the federal conviction. Obviously continued supervised release, which laymen interpret as "on parole," only hampers those efforts. Conversely, the Probation Office has noted that defendant has difficulty getting work but in no way explains how continued supervised release will assist that effort. Probation Office does not challenge defendant's work ethic, reliability as an employee or desire to obtain work, nor suggest defendant needs job training of any

sort.  For defendants without skills, rudimentary job experience or basic aptitude for work of any kind, continued supervised release and training can improve their ability to seek and keep a job.  There is no such indication in this case.  Supervised release can only hamper this defendant's employment efforts.

3. <u>Defendant has already been on restriction since 2013 without violation or incident</u>.  As the probation office noted, defendant has been on varying terms of restriction (including, until release from custody, a consistent restriction on travel outside the Central District) since 2013.  Defendant has had no violations or incidents during that five years.  Thus while, technically speaking, defendant has been on post-custody supervised release for five months, he has been under restriction and supervision of the probation office for a total of five years.  This should be taken into account when exercising the court's discretion under 3583(e)(2).

4. <u>Probation office notes no propensity to criminal activity or tendency to re-commit</u>.  Rehabilitation and avoidance of new crime are important factors for supervised release.  The Probation Office does not suggest any tendency to re-commit crimes or need for further rehabilitation.

///
///
///
///
///
///

**CONCLUSION**

The Court has the authority and should exercise is discretion to suspend any further terms of supervised release for this defendant.

DATED: March 19, 2018

                                                  /s/ Saied Kashani
Saied Kashani
California State Bar 144805
800 W. 1st St. Suite 400
Los Angeles, CA 90012
tel. (213) 625 4320

DECLARATION OF SAIED KASHANI

I, Saied Kashani, declare as follows:

1. I am admitted pro hac vice in this court. I represent defendant Shantia Hassanshahi. The facts stated herein are of my own personal knowledge, and if called upon as a witness, I could and would testify competently thereto.

2. I personally met with Mr. Hassanshahi's probation officer Charles Burgess on or about February 10, 2018. Mr. Burgess suggested I confer with the AUSA, which I did. Mr. Yette advised he would respond after I filed this motion.

3. Attached as Exhibit A is the record of sentencing. Attached as Exhibit B is defendant's certificate of completion of community service which was apparently a condition of his supervised release.

4. Defendant previously filed medical records with this Court of effect that he has a condition that requires monthly injections into his eyeball. I would like to note that despite Mr. Hassanshahi's efforts in prison and my writing the Bureau of Prisons (Exhibit C), the prison did not provide or give access to this treatment while Mr. Hassanshahi was serving his sentence.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and this Declaration was executed on March 2, 2018 at Los Angeles, California.

_____
Saied Kashani

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing application was served electronically on Frederick Yvette, counsel for the government, via email to Mr. Yvette's confirmed email address and also to the probation officer.

                                    /s/Saied Kashani
                                  Saied Kashani